IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHARON G. GIBSON,

                    Plaintiff,                    Civil Action No.
                                                  5:17-CV-0827 (DEP)

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

SHARON G. GIBSON, *Pro Se*
3646 Kennedy Rd.
Lafayette, NY 13084

FOR DEFENDANTS:

HON. GRANT C. JAQUITH                 GRAHAM MORRISON, ESQ.
United States Attorney for the        Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton St.
Syracuse, NY 13261

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

*Pro se* plaintiff Sharon G. Gibson has commenced this action against the Acting Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final determination of the agency concluding that her disability ended on November 13, 2013, and that she is therefore ineligible to continue receiving Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI") payments beyond that date. Having carefully reviewed the administrative record before me and applied the requisite deferential standard of review, I am granting defendant's motion for judgment on the pleadings affirming the Commissioner's determination and dismissing plaintiff's complaint.[1]

I.    <u>BACKGROUND</u>

Plaintiff first applied for DIB and SSI in December 2006. Administrative Transcript ("AT") 105.[2] Following an initial denial of those applications, plaintiff appeared before Administrative Law Judge ("ALJ")

---

[1]    This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c) and General Order No. 18 of this court. Dkt. No. 4.

[2]    The administrative transcript, which consists of a compilation of medical records and other evidence that was before the agency at the time of its determination in this matter was made and was filed by the Commissioner on October 10, 2014, Dkt. No. 10, will be hereinafter cited as "AT ___."

John Lischak on March 19, 2009, for an administrative hearing to address her applications. AT 63.

The evidence in the record reveals that at the time of the first hearing, plaintiff was forty-six years old, single, and living with two teenage children. AT 69. Plaintiff is a high school graduate, received an associate's degree from Cazenovia College, and attended Syracuse University part-time before taking a job as a United States postal worker. AT 70.

Plaintiff worked as a postal worker for twelve years, beginning as part time and moving to full time in 2003. AT 70. In 2000, plaintiff experienced a tailbone injury from a slip and fall, which she believes led to her extensive pain and eventual leave from work on October 5, 2005. AT 71. Plaintiff has not worked since. *Id.*

At her first hearing, plaintiff testified to experiencing severe pain in her head, neck, and back. AT 72. She explained that she had been treated by Dr. Lax, discussed a potential surgery with Dr. Billy, and stated that she regularly uses herbal remedies, rather than pharmaceutical drugs, for day-to-day treatment. AT 73-75. She explained having difficulties sitting, standing, and walking, but noted that she maintained the ability to bathe and feed herself without assistance. AT 76-79. In addition to her physical symptoms, plaintiff testified that she experiences severe depression due to

her inability to function as she once did. AT 81. Following the hearing, ALJ Lischak issued a fully favorable decision finding plaintiff disabled under the relevant provisions of the Social Security Act, with an assigned onset date of October 5, 2006. AT 105-06.

On November 12, 2013, the Commissioner performed a continuing disability review of plaintiff's case and determined that, "[b]ased on the available medical evidence of record, significant medical improvement related to the claimant's ability to work ha[d] been demonstrated, therefore disability cease[d]." AT 114. Plaintiff requested reconsideration of that decision, arguing that her "disability has not changed or improved" but that the use of marijuana allows her to stay "physically/mentally fit." AT 158. She submitted no medical evidence in support of her request. *Id.* Indeed, according to plaintiff, she has not seen a doctor since 2007. AT 363.

On March 28, 2014, a disability hearing officer issued a decision concerning plaintiff's request for reconsideration, again finding plaintiff not disabled as of November 13, 2013. AT 159-65. That decision was based on the finding that plaintiff is able to cook and clean, has not seen a doctor in years, and had fully normal consultative examination findings, with no tenderness or spasms and no abnormalities. AT 160. Prior to the issuance of that decision, plaintiff explained to the hearing officer that she self-

medicates with marijuana, smoking constantly, thereby allowing her to be "fully functional," and that her only barrier to employment is her inability to pass drug screenings. *Id.*

Plaintiff appealed the hearing officer's decision, adding no medical records, and stating, "I am disabled and unable to work." AT 176. The hearing that followed the appeal was remarkably different than plaintiff's first appearance before ALJ Lischak. On the more recent occasion, plaintiff appeared before ALJ Jennifer Gale Smith and testified that, while she experiences pain, she wished "to go home and continue smoking [her] marijuana like [she does] every single day." AT 42. Plaintiff interrupted ALJ Smith on various occasions, requesting permission to go outside and smoke marijuana, and confessed to having done so prior to the hearing. AT 45. Plaintiff testified that she stretches and walks, sometimes three miles in a day, although she has walked as much as twelve miles in a day, to allow her to relieve the numbness throughout her body. AT 48-49, 52.

At the hearing plaintiff denied any issues with depression. AT 49. Plaintiff testified that, aside from walking, she sews, "putter[s] around" to keep busy, makes medicines and teas, exercises, and fixes herself breakfast. AT 53-55. She states she cannot conduct any day-to-day activities without marijuana, but once she smokes, she "can pretty much

do anything." AT 56. As for her income, plaintiff testified that she receives about $1,300 per month from retirement, but that most of the money is used to purchase marijuana. AT 51. Following the hearing, ALJ Smith issued a decision on October 21, 2014, finding that plaintiff's disability ended as of November 13, 2013. AT 23-30.

The only medical evidence in the record generated after ALJ Lischak's initial disability finding in 2009 is (1) a consultative examination report from November 2013, prepared by Dr. Kalyani Ganesh; and (2) a progress note from Nurse Practitioner Susan Greetham ("NP Greetham"), dated January 2015. AT 15, 739-42. Dr. Ganesh's examination report notes that plaintiff complained of injuries to her lower and upper back, neck, and head. AT 739. Plaintiff also reported during the examination that she can cook, clean, do laundry, shop, shower, and dress herself. AT 740. Although plaintiff did not appear to be in any acute distress during the examination, Dr. Ganesh noted that she was irritable throughout and requested the opportunity to leave the examination room to smoke marijuana. AT 739-40. Dr. Ganesh observed that plaintiff had a normal gait, walked and stood normally, and rose from a chair without difficulty. AT 740. Dr. Ganesh rated plaintiff's prognosis as "stable," and issued a medical source statement that said, "The claimant complained of pain

throughout the examination. Her overall range of motions were very brisk and normal. No gross difficulties." AT 742.

NP Greetham's January 2015 report found plaintiff to be in constant pain, unable to sit long enough to eat, unable to hold her ten-pound granddaughter, and unable to function without frequently smoking marijuana. AT 15. NP Greetham reported plaintiff as positive for back and neck pain and gait problems. AT 16. She reported that plaintiff exhibited tenderness, decreased range of motion, decreased extension, and pain with light pressure. *Id.* Plaintiff was listed has having a 100 percent impairment, and advised to return to the clinic as needed. AT 17. There is no evidence in the record, however, that plaintiff ever returned to the clinic.

II.    PROCEDURAL HISTORY

A.    Proceedings Before the Agency

In a decision issued by ALJ Lischak in June 2009, plaintiff was found to be disabled as of October 5, 2006. AT 105-10. In November 2013, however, following a subsequent benefit review, it was determined that she was no longer disabled, based upon improvement of her health. AT 114. Plaintiff challenged that determination, and appeared before ALJ Smith on October 15, 2014, for a hearing. AT 36-58. Following the hearing, on October 21, 2014, ALJ Smith rendered a written decision

confirming that plaintiff's disability ended on November 13, 2013. AT 23-30. In her decision, ALJ Smith made the following findings with regard to the eight-step disability determination protocol described more completely in part III.B. of this decision.

At step one, ALJ Smith found that plaintiff had not engaged in any substantial gainful activity through the date the disability was deemed to have ended. AT 25. At step two, she determined that, since November 13, 2013, plaintiff did not have an impairment or combination of impairments sufficient to meet the severity of a presumptively disabling impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Specifically, the ALJ stated that plaintiff was unable to demonstrate the existence of a disorder of the spine resulting in nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. AT 25-26. Additionally, she found that plaintiff's mental impairment (marijuana use) did not meet or equal any of the necessary criteria to find an impairment.[3] AT 26. Next, ALJ Smith found that medical improvements had occurred as of November 13,

---

[3]    In evaluating plaintiff's mental impairment the ALJ considered whether plaintiff satisfied the "paragraph B" criteria, and determined she had no restrictions in daily living, based on her testimony; no difficulties in social functioning, based on her lack of treatment and testimony; no difficulties in concentration, persistence, or pace, based again on testimony and lack of documentation; and no episodes of decompensation of extended duration. AT 26. The ALJ also considered if plaintiff met the "paragraph C" criteria, but similarly concluded that the medical evidence and testimony provided failed to demonstrate the requisite difficulties to qualify under this section. AT 26-27.

2013. *Id.* In rendering that finding, the ALJ noted that, as of the time of the hearing, plaintiff had received no formal treatment since November 13, 2013, nor prior, and at that time there was a decrease in the level of severity of her disability. *Id.*

At step four, the ALJ determined that plaintiff's medical improvements were related to her ability to work because the improvements resulted in an increased functional capacity. AT 27. The ALJ next concluded that plaintiff's impairments, present as of November 13, 2013, did not cause more than a minimal impact on her ability to perform work activities, and therefore, the disability had ended. *Id.* In making that determination, the ALJ found that plaintiff's impairments could have produced the stated symptoms, but concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible due to the inconsistencies of plaintiff's statements compared with the evidence of the record. AT 28. ALJ Smith noted that the record was devoid of any medical evidence that supported a conclusion that plaintiff had any abnormalities since November 13, 2013. AT 28. She further observed that the medical evidence available from that time indicated that plaintiff demonstrated a normal range of motion, AT 29, and that the plaintiff admitted to not having

seen a doctor in many years and taking no prescription medication, and that she self-treats with marijuana, teas, homemade medicines, and exercises. AT 28-29. ALJ Smith's decision became a final determination of the Commissioner on May 4, 2016, when the Social Security Administration Appeals Council denied plaintiff's request for review of that opinion. AT 11-14.

B.    Proceedings in This Court

Plaintiff timely commenced this action on or about July 28, 2017. Dkt. No. 1. Issue was thereafter joined on November 6, 2017, by the Commissioner's filing of the administrative record that was before the agency, in accordance with General Order No. 18.[4] Dkt. No. 9. With the filing of the parties' briefs, Dkt. Nos.14, 15, the matter is now ripe for determination.[5]

---

[4]     General Order No. 18 obviates the need for the Commissioner to formally answer and directs that the filing of the certified administrative transcript of the administrative proceedings before the agency "shall constitute the defendant's answer."

[5]     This matter has been treated in accordance with the procedures set forth in General Order No. 18, which directs that, once issue has been joined and the parties have submitted their briefs, the court considers the case as if both parties have submitted a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

III.   DISCUSSION

A.   Standard of Review

A court's review under 42 U.S.C. § 405(g) of a final decision by the Commissioner is limited. The review requires a determination of whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, his decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone*, 70 F. Supp. 2d at 148 (citing *Johnson*, 817 F.2d at 986). If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision should withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact. *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *Barnett v. Apfel,* 13 F. Supp. 2d 312, 314 (N.D.N.Y. 1998) (Hurd, M.J.); *see also* 42

U.S.C. § 405(g).

The term "substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401(1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). To be substantial, there must be "'more than a mere scintilla'" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co.*, 308 U.S. at 229); *Martone,* 70 F. Supp. 2d at 148 (quoting *Richardson*). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

B.    Continuing Disability Determination: The Eight Step Evaluation Process

The Social Security Act (the "Act") defines disability to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than

12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a

claimant's

> physical or mental impairment or impairments [be]
> of such severity that he is not only unable to do his
> previous work, but cannot, considering his age,
> education, and work experience, engage in any
> other kind of substantial gainful work which exists in
> the national economy, regardless of whether such
> work exists in the immediate area in which he lives,
> or whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The agency has prescribed a five-step evaluation process to be

employed in determining whether an individual is disabled. 20 C.F.R. §

404.1520.[6] After an individual is deemed disabled, however, the continued

entitlement to benefits is conditioned upon periodic review of the file. 42

U.S.C. § 423(f). The Commissioner can terminate an individual's benefits

upon a finding that the impairment is no longer disabling. *Id.* To determine

whether an individual remains disabled, the Commissioner utilizes an

eight-step evaluation process. 20 C.F.R. § 404.1594(f); *Chavis v. Astrue*,

07-CV-0018, 2010 WL 624039, at *7 (N.D.N.Y. Feb. 18, 2010) (Kahn, J.).

---

[6]     Effective March 27, 2017, many of the regulations cited in this decision have
been amended. Because plaintiff's disability application was filed, and subsequent
continuing disability review occurred, before the new regulations went into effect,
however, I have reviewed the Commissioner's determination in accordance with the
earlier regulations.

The first step of the process requires a determination of whether the claimant is engaged in substantial gainful activity; if so, then the claimant is no longer disabled, and the inquiry need not proceed further. 20 C.F.R. § 404.1594(f)(1). If the claimant is not gainfully employed, the second step asks whether the claimant has a severe impairment, or combination of impairments, that meets the criteria of an impairment listed in Appendix 1 of the regulations. 20 C.F.R. § 1594(f)(2). If so, then the claimant's disability continues. *Id.* If not, step three requires an assessment of whether the claimant's medical conditions have improved. 20 C.F.R. § 404.1594(f)(3). Improvements to a medical condition include any decrease in severity as established by improvements in symptoms, signs, and/or laboratory findings. 20 C.F.R. § 404.1594(b)(1). If there have been improvements, the analysis proceeds to step four; if there have been no improvements, the analysis skips to step five. 20 C.F.R. § 1594(f)(3).

Step four asks whether the claimant's medical improvements relate to her ability to return to work. 20 C.F.R. § 404.1594(f)(4). Improvements relate to the ability to work if there has been (1) a decrease in severity of the impairment present at the time it was originally determined that claimant was disabled, and (2) an increase in the claimant's functional capacity to do basic work activities. 20 C.F.R. § 404.1594(b)(3). If the

14

impairment does relate to the ability to return to work, the analysis skips to the sixth step. 20 C.F.R. § 1594(f)(4).

If it has been determined that there is no medical improvement at step three, or if it has been determined at step four that the medical improvement is not related to the claimant's ability work, the analysis proceeds to step five. 20 C.F.R. § 404.1594(f)(5). Step five involves determining whether an exception to the medical improvements applies. 20 C.F.R. § 404.1594(f)(5). There are two exceptions under 20 C.F.R. §§ 404.1594(d) and (e). *Id.* If one of the exceptions under paragraph (d) applies, the analysis proceeds to step six; if one of the exceptions under section paragraph (e) applies, the disability ends; if neither exception applies, the disability continues. *Id.*

At step six, the Commissioner must determine whether the impairments are severe. 20 C.F.R. § 404.1594(f)(6). If the impairments in combination do not significantly limit the claimant's ability to do basic work, the disability ends; if the impairments do limit the claimant's ability to do basic work, the analysis proceeds to step seven. *Id.* At that stage, the Commissioner will assess the claimant's residual functional capacity ("RFC") based on the current impairments to determine whether she can perform past relevant work. 20 C.F.R. § 404.1594(f)(7). If she does have

the ability to perform past relevant work, the disability has ended; if not, the analysis will move to the final step. 20 C.F.R. §§ 404.1594(f)(7), (8).

The final step involves determining whether other work exists in the national economy that the claimant can do, given her RFC, age, education, and past work experience. 20 C.F.R. § 404.1594(f)(8). If there is work in the existing economy the claimant can do, the disability has ended; if there is not work she can do, the disability continues. 20 C.F.R. §§ 404.1594(f)(8), (9). Although the burden of demonstrating disability generally lies with the claimant, in order to support a finding that the disability has ended at this stage, the Commissioner must provide evidence showing that other work exists in significant numbers that the claimant can do. *Deronde v. Astrue*, No. 11-CV-0998, 2013 WL 869489, at *6 (N.D.N.Y. Feb. 11, 2013) (Hines, J.).

C.   The Evidence in This Case

Undoubtedly owing to her *pro se* status, the basis for plaintiff's appeal is not clearly articulated in her brief. Dkt. No. 14. It appears that she seeks a remand of the matter to the agency, however, based on NP Greetham's report dated January 6, 2015, which opined that plaintiff is disabled. *Id.* at 4. Plaintiff submitted that report in support of her appeal to the Appeals Council. Dkt. No. 11 at 19.

The Social Security regulations expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision. 20 C.F.R. §§ 404.970(b); *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996). The Appeals Council must "evaluate the entire record including the new and material evidence submitted . . . [and] review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b); *accord, Perez*, 77 F.3d at 45. When the Appeals Council denies review after considering new evidence, then the Commissioner's final decision "necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez*, 77 F.3d at 45 (quotation marks omitted).

To be properly considered, however, the post-hearing evidence must be new and material, and must relate to the period on or before the ALJ's decision. 42 U.S.C. § 405(g); *Perez*, 77 F.3d at 45. The Second Circuit has summarized this principle as follows:

> An appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to

> decide claimant's application differently. Finally,
> claimant must show (3) good cause for her failure to
> present the evidence earlier.

*Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (citations, quotation

marks, alterations omitted).

In this case, NP Greetham's report is not material because it

concerns her evaluation of plaintiff's condition at a point outside of the

relevant time period. ALJ Smith examined the period from the initial onset

date in 2006 through November 13, 2013. AT 23, 25. NP Greetham's

report, on the other hand, is dated January 6, 2015, well outside the

relevant time period. AT 15. "While documents generated after the ALJ's

decision may bear upon the severity and continuity of impairments existing

during the relevant time period, if the new evidence concerns only the

claimant's condition after the relevant time period, a remand for

consideration of this evidence is not appropriate." *Collins v. Comm'r of

Soc. Sec.*, 960 F. Supp. 2d 487, 501 (S.D.N.Y. 2013) (citations and

quotations omitted). Because the new evidence provided was dated, and

involved an examination of plaintiff at that point in time, outside of the

period under consideration by ALJ Smith, the Appeals Council did not

consider it in its decision. For the same reason, this court finds that NP

Greetham's report is not material to the disability decision.

Moreover, even assuming the proffered new evidence could properly be considered as material, it is not probative because it does undermine the ALJ's decision. Under 20 C.F.R. § 404.1527, the Commissioner is required to weigh and evaluate "every medical opinion." 20 C.F.R. § 404.1527(c). Medical opinions are defined as "physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s)." 20 C.F.R. § 404.1527(a)(2). The list of acceptable medical sources does not, however, include nurses or nurse practitioners. 20 C.F.R. § 404.1513(a). Of course, nurse practitioner opinions may be utilized in addition to evidence from the acceptable medical sources. 20 C.F.R. § 404.1513(d); *see also Wider v. Colvin*, 245 F. Supp. 3d 381, 388-89 (E.D.N.Y. 2017). NP Greetham's opinion of plaintiff's ongoing disability, however, is not entitled to any controlling weight, and, in any event, it is not supported by any other evidence in the record. Indeed, plaintiff's own testimony at the hearing before ALJ Smith concerning her abilities squarely contradicts NP Greetham's opinions. For example, the report notes that plaintiff is in constant pain, has decreased extension, tenderness, and decreased range of motions. AT 15-17. At the hearing, however, plaintiff testified that she can walk up to three hours in a day, sew, make medicines and teas,

and cook meals for herself. AT 53, 55.

Applying the requisite deferential standard of review, this court may not set aside an ALJ's decision that results from application of correct legal standards and is supported by substantial evidence. *Veino*, 312 F.3d at 586. In this case, ALJ Smith correctly evaluated plaintiff's circumstances utilizing the eight-step process appropriate for determining whether a disability continues. *See* 20 C.F.R. § 404.1594. In determining that plaintiff's disability ended on November 13, 2013, the ALJ found plaintiff's testimony to be not fully credible when considering all of plaintiff's statements as a whole, and the lack of objective medical evidence to support her statements. AT 28. The ALJ accorded great weight to the only medical examination relevant to the time period in question, which was performed by the consultative examiner, and the opinions of DDS medical consultants, and less weight to those opinions from the period prior to that at issue.[7] AT 29. The ALJ is entitled to rely on the opinions of consultative examiners as they may be considered substantial evidence if the record

---

[7]     In the report of her examination, Dr. Ganesh observed that plaintiff appeared to be in no acute distress, displayed normal gait, could walk on heels and toes, and could squat fully. AT 740. She also noted that plaintiff exhibited full range of motion, and full strength in all areas measured. AT 741. Dr. Ganesh also noted that plaintiff's "overall range of motions were very brisk and normal." AT 742. In addition, Dr. R. Gauthier, a non-examining consultant, reviewed plaintiff's medical records and noted that plaintiff had no medical determinable impairments. AT 743.

supports them. *Byrne v. Berryhill*, 284 F. Supp. 3d 250, 259-60 (E.D.N.Y. 2018) (citing cases). Here, because there is no other evidence in the record from an acceptable examining medical source aside from Dr. Ganesh's 2013 report, the ALJ did not err in affording great weight to that opinion.

Because the Commissioner applied the correct legal standards and her decision is supported substantial evidence, and because NP Greetham's report is neither material nor supported by the record, I recommend that plaintiff's complaint be dismissed.

IV.   <u>SUMMARY AND ORDER</u>

For disability benefits to continue, a claimant's case is subject to periodic review. While plaintiff in this case was classified as disabled in 2009, the absence of any medical records supporting plaintiff's claims, as well as plaintiff's own testimony concerning her lifestyle and physical abilities, caused the Commissioner to discontinue plaintiff's benefits. Because the record supports the Commissioner's decision, it is hereby

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 14) be DENIED, and that defendant's cross motion for judgment on the pleadings (Dkt. No. 15) be GRANTED, the Acting Commissioner's

determination be AFFIRMED, and judgment be entered DISMISSING

plaintiff's complaint in this action; and it is further

ORDERED that the clerk of the court serve a copy of this report and

recommendation upon the parties in accordance with this court's local

rules.

Dated:      May 3, 2018
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge